Fonda
v.
Canal Apprais-
ers.

The return of
process to a
wrong officer,
is not such an
irregularity for
which proceed-
ings will be set
aside.

GARLOCK and others *ads.* ONTARIO BANK.

MOTION to set aside proceedings for irregularity. The irregularity shewn was, that the sheriff of Montgomery had returned the capias in this cause, served by him, to the clerk's office at Utica, whereas he ought to have returned it to the clerk's office at Albany, conformably to the directions of the law of the 14th April, 1820. (*Statutes, vol. 5, b.* 200.) The default was entered on the 26th August, and no inquiries made at the Albany clerk's office until the 9th September.

*A. Stewart,* for defendant.

*W. King,* for plaintiff.

*By the Court,* SUTHERLAND, J. The statute is directory to the sheriff, as to where process shall be returned, but it does not render process void if erroneously returned. On the contrary, the act provides that the sheriff may be proceeded against for neglect in making returns, notwithstanding returns made to any other office than that directed. The convenience of *plaintiffs* and not of *defendants* was contemplated, which, together with making an equal distribution of fees to the clerks of the court, was the object of the legislature. It does not appear that the defendant was misled by the return of the writ to Utica instead of Albany, as the default was entered previous to his making inquiries at the clerk's office at the latter place; and as no merits are shewn, the motion is denied, with costs.

---

FONDA *vs.* CANAL APPRAISERS.

Where the ca-
nal appraisers
appraised the
damages of an
individual without giving him an opportunity to be heard or to produce testimony, the court
allowed a certiorari.

MOTION for the allowance of a certiorari. Fonda being the owner and possessor of a farm in the town of Halfmoon,

in the county of Saratoga, through which the Champlain canal passes, in the year 1825, presented a statement of the damages sustained by him in consequence of the construction of that work, and for which he claimed compensation, to S. Young, Esq. a canal commissioner and one of the board of appraisers, which account consisted of various items, amounting to upwards of $500, besides a claim for the loss of six acres of land, appropriated to the canal. In February, 1827, and not before, Fonda was informed that the canal appraisers had appraised his damages at $250, and on inquiry at the office of the secretary of state, found a certificate to that effect lodged there. Notice of the time and place of the meeting of the appraisers was not given to Fonda, nor had he an opportunity to be heard or to produce testimony, previous to the making of the appraisement. He immediately presented a memorial to the board of canal commissioners for relief, who dismissed the same, on the ground that the damages had been appraised by the canal appraisers, and the party had neglected to appeal within the time limited by law. An application was now made for the allowance of a *certiorari* to remove the proceedings of the appraisers into this court, which was granted.

*C. Y. Lansing*, for relator.

ALBANY,<br>Oct. 1828.<br><br>Goodrich<br>v.<br>James.

---

## GOODRICH *ads.* JAMES.

BILL of particulars. A motion was made in this cause, to set aside the proceedings for irregularity on various grounds, amongst others that a bill of particulars had not been served. It appeared, that in pursuance of a judge's order, the plaintiff had furnished a bill of particulars, in which, instead of setting forth the items of merchandize sold, there was a general reference to " an account rendered." This, it was contended, was not a compliance with the order, and that the plaintiff consequently had no right to proceed in the suit.

A bill of particulars referring to an account rendered, is sufficiently definite. If a party is dissatisfied with a bill delivered, he must apply for further particulars.