## THE PEOPLE, *ex rel.* Comter, *vs.* REED & REED.

In a proceeding by an insolvent debtor for a discharge, pursuant to the provisions of the act to abolish imprisonment for debt, the petition must show an exact compliance with one of the conditions in the 12th section of the act. (*Sess. Laws*, 1831, *p.* 399.)

A petition setting forth the giving of the bond specified in the 10*th section* of the act, does not confer jurisdiction. It should be the 4*th subdivision* of the 10th section.

CERTIORARI to Archibald Bull, Esquire, a judge of Rensselaer county courts. The defendants had been arrested under the provisions of the act to abolish imprisonment for debt, and applied to the officer for a discharge upon making the assignment as provided by the act. The petition set forth that the petitioners had given "a bond pursuant to the 10*th section* of the act." The application was opposed by the relator upon several grounds, one of which was that the papers did not show enough to give the officer jurisdiction. The officer decided that they gave him jurisdiction, and proceeded upon the petition, and granted a discharge to the defendants. The de-

cision being made upon the question as to the officer's jurisdiction, reference to the other points in the case is omitted.

*P. Potter*, for relator.

*N. Hill, Jr.* for defendants.

*By the Court*, WHITTLESEY, J.   To give the officer jurisdiction, the petitioners must have been either 1, committed after their arrest under the act ;  or 2, have given the bond specified in the fourth subdivision of the tenth section of the act ; or 3, have had a suit commenced against them in a court of record, in which by the provisions of the act they could not be imprisoned. (*Sess. Laws,* 1831, *p.* 399, §. 12.)  The application here was probably on the ground of having given the bond mentioned in the fourth subdivision of section tenth.   The petition states that a bond pursuant to the 10*th section* had been given.   But the tenth section makes mention of two bonds ; one in the 4th subdivision, with a condition to apply for an assignment and discharge, and one in the 5th subdivision, conditioned that he will not remove his property.   It is only the giving the bond specified in the 4th subdivision, that confers jurisdiction, and it is not stated in the petition, and we do not know that *such* a bond had been given.   There is therefore, not enough to show that the officer acquired jurisdiction.   (*Peo·ple* v. *Abel,* 3 *Hill,* 109.)

Proceedings reversed.