# THE PEOPLE on the relation of GAMBLING *a.* THE BOARD OF POLICE.

*Supreme Court, First District; General Term, March,* 1858.

### POLICE.—BY-LAW.—MODE OF REMOVAL.—NOTICE.

When a statute prescribes the mode of acquiring jurisdiction, the mode pointed out must be complied with, or the decision will be a nullity.

The act creating the Board of Police for the Metropolitan Police District provided that the mode of trial of policemen, and their removal from office, should be particularly defined and prescribed by the rules of the board; and that no person should be removed from the force except upon written charges preferred against him to the board, and after an opportunity had been afforded him of being heard in his defence. The rules adopted by the board pursuant to the act provided that charges preferred must be in writing, and sworn to or affirmed, &c., unless made by a member of the board or officer, &c., and that the accused should have two days' notice to examine the charges and make answer to them, after which a trial might be had at any meeting of the board, of which the accused had been advised.

*Held,* that a member of the force could not be removed upon charges preferred and tried, otherwise than in conformity to these rules; and that in order to sustain a removal, it must appear, not only either that the charges were preferred by a commissioner, &c., or were sworn or affirmed to, but also that the accused had notice to call and examine the charges, and also had personal notice of the time and place of the trial.

A *certiorari* is the proper remedy to procure a review by the Supreme Court of the proceedings of the board.

The case of McDermott *a.* The Board of Police (5 *Ante,* 423) approved.

Certiorari to the Board of Police for the Metropolitan Police District.

The facts appear in the report of The People *on rel.* Gambling *a.* Cholwell, *supra,* and in the opinion of the court.

*Luman Sherwood* and *Gilbert Dean,* for the relator.

*David Dudley Field* and *William Curtis Noyes,* for the defendants.

BY THE COURT.*—DAVIES, C. J.—The return to the writ of

---

* Present, Davies, C. J., Clerke and Sutherland, JJ.

certiorari in these cases and others, brings up the question whether the relators have been legally dismissed as policemen of the city of New York.

They were duly and legally appointed under the act of April 13, 1853. (*Laws of* 1853, *ch.* 228.) By section 2 of article 3 of that act, it was declared that "the members of the police department, appointed after this act shall have gone into effect, shall hold their offices during good behavior, and shall only be removed for cause, as hereinafter provided." Section 4 of the same article prescribes the mode of removal.

Notice to the accused was to be given to afford him an opportunity to be heard in his defence. The accused party might in all cases appear by counsel, and compel the attendance of witnesses in his behalf. The commissioners were to examine witnesses under oath, and the testimony in each case to be re-duced to writing, and the decision filed with the clerk of the Common Council.

The act of April 15, 1857 (*Laws of* 1857, *ch.* 569) established a metropolitan police district, and provided for the government thereof. By this act a board of commissioners were appointed, who were to have the government and management of the police within the district. The quota of patrol force for the county of New York was to be the number of patrolmen then existing by law in the city of New York. Section 7 of this act declares that the qualifications, enumerative and distributive, of duties, *mode of trial*, and removal from office, of each officer of the police force, shall be particularly defined and prescribed by rules and regulations of the Board of Police; and that no person shall be removed therefrom except upon written charges preferred against him to the Board of Police, and after an opportunity shall have been afforded him of being heard in his defence." Section 32 of this act declares that the police of the city of New York, after the first meeting of the Board of Police (which was on April 23, 1857), should hold office and do duty under the provisions of that act, " and as members of the police force of the metropolitan district hereby constituted."

In pursuance of the authority thus conferred, the Board of Police adopted rules and regulations relating to the mode of trial and removal from office of the members of the police force. Rule sixth prescribes that charges preferred against any

members of the police force must be in writing, and sworn to or affirmed to, with the name and residence of the complainant; if stated to be on information or belief, then the source of such information, and the reason of such belief, shall also be stated. But this was not to apply, when charges were preferred by any commissioner, or the general or deputy superintendents or inspectors, who might charge simply in writing. All such charges must be filed with the chief clerk.

Rule seventh prescribes that when charges are filed, the chief clerk shall notify the person complained of to call and examine the same, and the person complained of, within two days thereafter, must either dictate answers thereto to the chief clerk, to be by him taken down, or he may prepare the same in writing, within the same time, and file the same. The trial thereof shall be in order at any subsequent meeting of the board, of which the person complained of shall be advised.

In the cases before us the charges were in no instance preferred by a commissioner, or by a general or deputy superintendent, or by an inspector, and the charges in no instance were sworn or affirmed to. There is no evidence that any notice was given to any of the relators to call and examine the charges preferred, or that they had any opportunity of such examination.

Notice of trial, on charges, was left at the station houses of the various wards, but no time or place of trial was specified therein; and there is no evidence that knowledge of such time and place, or of such charges, ever came to the relators.

For the reasons given by Mr. Justice Davies, in the case of The People on the relation of McDermott against these defendants,[*] we are of the opinion that notice of such charges, and of the time and place of trial, should have been given to the relators personally, so that they might have had an opportunity of being heard in their defence.

When a statute prescribes the mode of acquiring jurisdiction, the mode pointed out must be complied with, or the proceeding will be a nullity. (Bloom *v.* Burdick, 1 *Hill*, 130; Stanton *v.* Ellis, 2 *Kern.*, 575.)

Notice of the charges preferred against the relators, and notice of the time and place of trial therein not having been given

* Reported 5 *Ante*, 422.

to them, in conformity to law, the defendants had no jurisdiction over them, and their order of removal, depriving them of the office of policemen, was unauthorized, and cannot be maintained.

The office of policeman, as created by the act of 1853, and continued by that of 1857, is not a political office, subject to change and removal at the will of the appointing power. The commissioners of police under the act of 1853, as well as the defendants under that of 1857, in proceeding to the trial and removal of policemen, act in a quasi-judicial capacity. The reasons or causes of removal are not subjects of review. If they have jurisdiction, the motives of their action, or the sufficiency of the causes for removal, are not to be questioned here.

That a certiorari to review these proceedings is the proper and appropriate remedy, admits, we think, of no serious question.

It lies to review the proceedings of canal appraisers, who appraised the damages of an individual without giving him an opportunity to be heard, or to produce testimony. (Ford *v.* Canal Appraisers, 1 *Wend.*, 288.) It also lies to review the proceedings of courts-martial. (Rathbun *v.* Sawyer, 15 *Ib.*, 451.)

It was granted, and proceedings before a special officer set aside, on the ground that he had not acquired jurisdiction. (In the case of the People *v.* Reed, 5 *Den.*, 554.) And this court, in the matter of Burnis (1 *Barb.*, 193), set aside the proceedings had before a justice on the ground of want of jurisdiction.

We are therefore of the opinion that the proceedings had by the defendants for the removal and dismissal of the relators as policemen, are void for want of jurisdiction, and should be set aside.