[Civil No. 169.   Filed September 30, 1886.]

[S. C. 11 Pac. 753.]

W. J. TWEED, Petitioner, v. W. E. GUILD, Com'r., et al., Respondents.

1. FORCIBLE   ENTRY   AND   DETAINER—STATUTORY   PROCEEDING—§ 3, 4, 5, 6, c. 43, COMP. LAWS 1877, CITED—FILING COMPLAINT WITH CLERK OF COURT AND ISSUANCE OF WARRANT BY HIM NOT A COMPLIANCE WITH STATUTE—IN SUMMARY PROCEEDINGS STATUTE MUST BE STRICTLY FOLLOWED.—Where a complaint in forcible entry and detainer was filed under statute, *supra,* with the clerk of the district court, and a *capias* issued by him bear-

ing the teste of that court, such acts not being a compliance with the statute, the warrant issued and all proceedings thereunder are void. Summary proceedings of this character, to be valid, must strictly follow the law which creates them. Their jurisdiction is limited. No intendments are in their favor.

CERTIORARI to court commissioner in and for the County of Pinal. Reversed.

The facts are stated in the opinion.

Jeffords & Franklin, for Petitioner.

Grant H. Oury, for Respondent.

Barnes, J.—This is a *certiorari* to the court commissioner of Pinal, in which petitioner prays that proceedings in forcible entry and detainer, and the judgment therein, be declared null and void. It appears that on January 19, 1886, Josiah Champion filed with the clerk of the district court of Pinal a complaint alleging that Tweed and two others were guilty of forcible entry and detainer. The complaint was sworn to before the commissioner. Indorsed on the complaint was an order to the clerk to issue a *capias* for defendants. The clerk issued said writ under his hand and the seal of the district court. The sheriff served the writ by arresting Tweed, and taking him before the commissioner. Tweed filed an answer with the clerk of said court, claiming title and the right of possession in the premises. The judgment is as follows:

"This case coming on to be heard on the twentieth of February, 1886, the defendant, Wm. J. Tweed, having been in the custody of the sheriff under a warrant issued by Wm. E. Guild, a court commissioner for the Second judicial district of the territory of Arizona, in and for the county of Pinal, eluded and escaped from said custody, as shown by the statement of said sheriff of said Pinal county, failed to appear and answer to the complaint of said plaintiff; and the plaintiff, being in court by his said attorney, G. H. Oury, demanded that the trial of the cause be proceeded with notwithstanding

the absence of said Wm. J. Tweed, the defendant. Whereupon, after an examination of the testimony and papers in the case, it was adjudged by the said court commissioner that the said defendant, Wm. J. Tweed, was guilty of a forcible entry and detainer charged in plaintiff's complaint, and that said plaintiff have judgment against the said defendant for the restitution of said premises mentioned in the plaintiff's complaint, and one hundred dollars damages, together with the costs.

"Wherefore, by reason of the law and the premises, it is ordered and adjudged that the plaintiff, Josiah Champion, do have and recover of and from the defendant, Wm. J. Tweed, the restitution of the premises mentioned in plaintiff's complaint, viz., [here comes the description,] for one hundred dollars damages, together with the costs of this action taxed at the sum of four hundred and two and 60-100 dollars, as well as accruing costs.

"*Dated February* 24, 1886.

"WM. E. GUILD, Court Commissioner."

The forcible entry act under which these proceedings were had is as follows, (Complied Laws, *c.* 43:)

"Sec. 3. The person entitled to the possession of the premises, his agent or attorney, may make complaint in writing and on oath, and deliver the same to a district court commissioner, or to a judge of the district court, or judge of probate for the county, setting forth that the person complained of is in possession of the lands or tenements in question, describing them, and that he entered into the same with force, or that he unlawfully holds the same by force, as the case may be.

"Sec. 4. Upon receiving such complaint, the officer to whom the same is delivered shall issue his warrant, directed to the sheriff or any constable of the same county, commanding him to apprehend the person named in such complaint, and to bring him forthwith before such officer to answer such complaint.

"Sec. 5. The sheriff or any constable to whom any such warrant may be delivered shall execute the same by arresting the defendant, and bringing him forthwith before the officer

issuing such warrant, and shall thereupon notify the complainant of such arrest.

"Sec. 6. Upon the defendant being brought before such officer on such warrant, he may plead not guilty to the complaint, or, if he neglect or refuse to plead thereto, such officer shall enter such plea for him."

The filing of the complaint with the clerk of the district court, and the issuing of the *capias* by him bearing the teste of that court, was not a compliance with the above statute. The law requires the complaint to be delivered to a court commissioner, a judge of the district court, or a judge of probate, and such officer is authorized to issue "his warrant." Authority is given to no one else. The warrant issued in this case by the clerk was therefore void, and all proceedings under it were void. No default could be entered against defendant, nor could a plea of not guilty be entered for him in his absence. Summary proceedings of this character, to be valid, must strictly follow the law which creates them. Their jurisdiction is limited. No intendments are in their favor. *Galpin* v. *Page*, 18 Wall. 350-375; *People* v. *Reed*, 5 Denio, 554; *Buckley* v. *Lowry*, 2 Mich. 419; Sedg. Const. 301, 302.

This settles the main question raised in the case. The judgment is reversed, and complainant is ordered to make restitution of the premises.

PORTER, J., concurs.