Judge Ryland
delivered the opinion of the court.
This was an action of debt brought by the plaintiff, Elijah McLean, as executor of Ambrose Ranson, dec’d., to the use of John G. Chiles, in the circuit court of Franklin county, against John L. Hamilton, Thomas Buckner and Cuthbert S. Jeffries. The summons was returnable to the March term, 1848, of the said circuit court. It was properly *540 served on the defendants Buckner- and Jeffries, and at the return term of the writ, it appears from the record, that the defendants appeared and made their motion to dismiss the suit, which was. overruled; they then filed their demurrer to the plaintiff’s declaration, which was also overruled ; and that they afterwards filed the statutory plea to the plain. tiff’s declaration. A trial was had before a jury, and a verdict and judgment for plaintiff. Motions were made by defendants,, first for a new trial, which was overruled, and afterwards in arrest of judgment, which was also overruled ; and the defendants bring the case to this court by appeal.
I will first notice the objection taken to the action of the court in overruling the defendants motion to dismiss the suit. It appears from the record, that there was a non-suit once in this case, and that the plaintiff commenced this present action by filing the old declaration anew without first having leave of the court to withdraw it, or to make any amendment thereto.
We think the court below can sufficiently take care of its own records and papers ; and although we hesitate not to reprobate such carelessness and such negligence on the part of lawyers, who- thus act, yet we are not inclined to reverse the judgment of the court in its action ip this particular.
The defendants cannot complain of the action of the court in overruling their demurrer to plaintiff’s declaration. If the defendants really supposed that the declaration of the plaintiff was not good and sufficient in law to maintain his action, they should have suffered judgment to have been given against them on the demurrer; and they might then in this court insist upon the insufficiency of the declaration.
The bond sued upon in this case is as follows : “For value received we or either of us promise to pay A. Ranson, guardian of J. G. Roberts, the just sum of three hundred and forty-nine dollars and fifty cents, without defalcation or discount, together with ten per cent, interest per annum thereon, from this date- until-paid. Given under our hands and seals at Union, this 29th day of March, 1839.
JOHN L. HAMILTON, [SeAi..]
THOS. BUCKNER, [Seal.]
C. S. JEFFRIES, [Seal.]
The plaintiff, in order to support his. action, offered this bond in evidence, and also letters testamentary granted to him upon the estate of A. Ranson, deceased, upon the probate of the last will and testament of said.A. Ranson. The defendants objected to the giving the bond and *541 letters testamentary in evidence; but the objections are general, and do not deserve the passing notice of this court.
The defendants then gave in evidence the record of the appointment of John G. Chiles as guardian of F. G. Roberts, and an order of the county court upon A. Ranson, the former guardian, to pay over to Chiles, the present guardian, the money in his hands. And also introduced the plaintiff, Elijah McLean, in this action as a witness to testify that he had no interest in the bond here sued upon, as executor of Ran-son, or otherwise ; that he never saw the bond before, and that it was not found among the papers of Ranson. Defendants also introduced Stephen W. Wood and Jackson Farrar as witnesses, whose testimony had a tendency to prove some attempt to arrange and settle the debt of Hamilton here sued on, by and between Jackson Farrar and Dr. Chiles, but from the evidence of said Farrar, the jury might wellbelieve thatno definite arrangement was ever made between them, and that the bond was never paid. The court gave all the instructions asked for by the plaintiff, and also by the defendants. The defendants fourth instruction is as follows : “That the jury are to judge from all the circumstances of the case whether the note of Farrar, with satisfactory security, was given and received as satisfaction of the note here sued on, and if they find that said note was thus received by Chiles as such satisfaction, then the giving up said note to Farrar, without Jeffries’ consent, discharged Jeffries, and they must find for the defendant’s.”
The defendants have no cause to complain of the action of the court; for all the evidence offered on their part might have well been excluded. The bond here sued on, is evidence of a debt due by the obligors Hamilton, Buckner and Jeffries, to A. Ranson; and his executor can maintain the action thereon ; and all the evidence about Dr. Chiles, and the negro man Abram, and the land of Breckenridge, has nothing to do with the case, and ought in justice to the plaintiff to have been excluded. The words “A. Ranson, guardian of F. G. Roberts,” are but descriptive of the person, mere descriptio personae.
From this view of the case then, there was not the slightest ground for the court below to interfere with the verdict of the jury. The declaration is sufficient, at all events after verdict, to support the judgment. And as the defendants have had the benefit of all their proof, both against the plaintiff McLean, and also against the person to whose use the action was originally commenced, Dr. Chiles; and the jury after hearing all the facts, have found against them, in my estimation the purposes of justice will be best subserved by suffering the judgment below to remain untouched. Let it, therefore, be affirmed.