RANNEY, Respondent, *vs.* BROOKS & ERVIN, Appellants.

1. A note given to a sheriff for the purchase money of land sold in partition, and showing on its face the consideration for which it was given, cannot be assigned so as to enable the assignee to recover the amount after the expiration of the sheriff's term of office, against the order of the court requiring it to be paid to the succeeding sheriff.

*Appeal from Cape Girardeau Circuit Court.*

This was an action upon the following sealed note:

"JACKSON, Mo., May 24th, 1852.

"Twelve months after date, we or either of us promise to pay to John P. Edinger, sheriff of Cape Girardeau county, Missouri, the sum of two hundred and seventy dollars, for value received, in the purchase of a tract of land sold to make partition thereof amongst the heirs of Joseph Whitney, deceased. Witness, our hands and seals.

"ANSEL ERVIN,   (seal.)
"JOHN BROOKS,"   (seal.)

The note was by Edinger, on the 14th of January, 1853, before the expiration of his term of office, assigned to the plaintiff for value. At the May term, 1853, the court ordered the unfinished business in the partition suit to be transferred to William Morgan, Edinger's successor in office. At the same term, an order was made requiring the purchase money of the land to be paid to Morgan. The money was thus paid by Brooks, whereupon the court ordered a deed to be executed. Brooks paid the money to Morgan, with notice of the assignment of the note to plaintiff. Upon these facts, the Circuit Court gave judgment for the plaintiff for the amount of the note, from which the defendants appeal.

*J. W. Noell*, for appellants.

*N. Holmes*, for respondent. 1. The note was assignable by indorsement under the statute; and notice to the makers of the assignment before payment fixed their liability to the assignee (R. C. 1845, p. 89, §1, 2. 12 Mo. Rep. 127.) 2. The legal title to the note was vested in John P. Edinger, the payee, and the assignment of it by him by indorsement, for value received, was a collection of the money for which, as the purchase money of the land sold, he and his securities were alone liable. (12 Mo. 127. 9 Mo. 169. 9 Mo. 373. 14 Mo. 551.)

RYLAND, Judge, delivered the opinion of the court.

1. The bond on which this action is prosecuted, shows on its face that it was executed to John P. Edinger, and by him received in his character as sheriff of Cape Girardeau county. The promise is to pay to "John P. Edinger, sheriff of Cape Girardeau county, Missouri, the sum of $270, for value received, in the purchase of a tract of land sold to make partition thereof, amongst the heirs of Joseph Whitney, deceased." This phraseology will necessarily show that the bond is not the individual property of Edinger. It is not given to John P. Edinger, "sheriff," stopping at that description; but it goes further—calls him "sheriff of Cape Girardeau county, Mis-

souri;" says it is "for a tract of land sold, (that is, by him, as such sheriff,) to make partition amongst the heirs of Whitney, deceased."

The statute concerning partition, when lands are sold for that purpose, directs the sheriff to take the notes or bonds for the purchase money, collect and pay over the same according to the order of the court.

The sheriff and his securities are responsible for his official acts in cases of partition. The same statute expressly declares: "If any sale be made by any sheriff before he goes out of office, and the business be not completed when he ceases to be sheriff, he may do all subsequent acts, collect and pay over the money and make the deed, in the same manner as if he continued to be sheriff; unless the Circuit Court shall, by order, direct the business to be transferred to the next sheriff; in which case, all acts remaining to be done by the sheriff, at the date of such order, shall be done by the sheriff then in office." The record shows that Edinger's term of office expired before he had completed the business of partition in the case of Whitney's heirs; and that the court, at May term, 1853, ordered the unfinished business of said partition to be transferred to William Morgan, who was then the sheriff of said county, for completion; and that the holder of the purchase money for said land, should pay the same to the said sheriff Morgan, or attorney of the partitioners for distribution; and that, thereupon, said Brooks, the purchaser, paid to said Morgan, sheriff as aforesaid, $270, the purchase money for said land.

In our opinion, this bond given by Brooks and his security to Edinger, sheriff, for the land sold in the case of partition, bearing on its face evidence to all persons of its consideration, and of the official character of the payee, was liable as soon as Edinger should cease to be sheriff, to the order of the Circuit Court, transferring it to the next or new sheriff, for collection, in order to complete the business of partition. And the person who should receive such bond from the sheriff, by assignment, must take it liable to such order of the court. In this

case, the order transferring the business having been made, and the person purchasing the land and owing the money having been ordered to pay the same to the new sheriff and having paid it, must be protected by such payment from any further demand by reason of such bond.

The judgment of the Circuit Court is therefore erroneous, and is, with the concurrence of the other judges, reversed.