NICKERSON, GUARDIAN OF MARTIN, Respondent, v. GILLIAM et al., Appellants.

1. Where a promissory note is given to a guardian of an insane person as guardian, he may institute suit upon it in his own name.
2. Where the guardian institutes suit upon such note in his own name, the defendant may plead by way of set-off a debt due him from the insane ward.

*Appeal from Chariton Circuit Court.*

*Shackelford & Turner*, for appellants.

I. Martin's indebtedness was a good set-off against the note sued on to his use. The admissibility of the set-off depends not upon who are the nominal parties to the suit, but upon who are the real parties in interest. (2 Parsons on Contr. 244, 251; 4 Wash. C. C. 93; 7 Cush. 217.) The set-off be-

ing due to one of the defendants does not affect the case. (Kent v. Rogers, 24 Mo. 306.)

*Harris*, for respondent.

I. The note was the individual property of Nickerson; the words " as guardian" are merely *descriptio personæ*. (19 Mo. 193 ; 5 Mart. N. S. 703 ; 5 Mart. O. S. 201 ; 2 Wheat. 55.)   If the demands offered as set-off in the answer exceed the sum sued for, against whom would the judgment go ? not against Nickerson, the plaintiff, because he does not owe these debts ; not against Martin, for he is not a party to the action.

EWING, Judge, delivered the opinion of the court.

This was an action on a promissory note executed by the defendants, who are the appellants, to the plaintiff " as guardian" of the estate and person of one Martin, a person of unsound mind, for four hundred dollars.   The answer admits the execution of the note, but pleads as set-off a promissory note of E. Martin to one of the defendants, and certain other debts transferred to said defendant by third persons alleged to be due from said Martin.  The answer also avers that the suit is prosecuted for the use and benefit of Martin, and that the note was given for property of said ward, which had been sold by the guardian.  The answer was stricken out, and judgment was rendered for the plaintiff for want of answer.   A motion to set aside the judgment having been overruled, the defendants bring the cause to this court by appeal.  The question for our consideration is, was the proposed set-off admissible ?

It has been heretofore decided by this court that the words "guardian," &c., in a note were mere *descriptio personæ*, and that the note or instrument was evidence of a debt due the person named as payee therein, and might be sued on by the legal representative of such person ; in other words, that the payee of the note therein named as guardian had the title thereto notwithstanding these words.   (Jeffries v. McLean, 12 Mo. 538 ; 19 ib. 195.)

There is no doubt, according to these decisions, that the plaintiff in the case at bar was the legal owner of the note on which the suit is founded, and was the proper party to sue. But if the ward was the party really and beneficially interested, and the suit is prosecuted for his benefit, as the defendants allege in their answer, was it not admissible for him to prove this, and set off a debt which the ward was owing him? Why not allow demands, which are really mutual as between the ward and defendants, to be adjusted in the same suit, although the debt sued for is nominally due to the plaintiff as guardian? Cases may be supposed where a contrary rule would work hardship to the sureties of the guardian, as, for instance, where the guardian might be insolvent. The ward would have indemnity in the bond of his guardian, it is true; but the latter would be allowed to pocket the money of his ward, for which the sureties would be responsible—a hardship that could be prevented by compelling the party beneficially interested to submit to a set-off of demands against him by pleading them against the nominal plaintiff. If the state of the accounts between the guardian and his ward was such as to make the ward the debtor instead of the creditor of his guardian, I presume he would be allowed to allege this in his replication to the answer and prove it and thus prevent any hardship to the guardian. It is always admissible in an action by or against a trustee to plead a set-off of money due to or from the *cestui que trust*. (1 T. R. 622.) It is made the duty of the guardian to prosecute and defend all actions instituted by or against his insane ward. His relation to the ward is a fiduciary one, and he is to all intents and purposes a trustee, having, subject to the supervision of the courts, the entire control and management of his ward's estate. Now, although the statement in the note of the fiduciary character of the plaintiff is not conclusive evidence of the fact, or that a trust attaches with respect to the note, yet the plaintiff admits the fact of guardianship; and if the defendant can show that the transaction upon which the suit is founded was one in which the ward

had the beneficial interest, as that the note was given, for example, for property of the ward, as the answer states, why may not the defendant have the benefit of his set-off without being driven to another action to recover it, when the result would have been the same? In Ward v. Martin, 3 Mo. 19, it was held that a set-off was admissible under circumstances similar to those in the case before us. In that case the defendant was permitted to prove that the suit was for the benefit of a third person, to whom the beneficial interest in the note (which was the foundation of the suit) belonged at the time suit was brought, and that such third person was indebted to the defendant Ward in a much larger sum than the principal and interest of the note. It was held that it was competent for the defendant to avail himself of the equitable matter attempted to be proved in avoidance of the recovery which was sought against him.

The judgment will be reversed and remanded, the other judges concurring.