WILLIAM S. FLETCHER, Respondent, *v.* ORLEANA C. SCHAUMBURG, Appellant.

*Bills and Notes—Notice—Equity—Trusts.*—A promissory note made payable to "J. C., Shff.," and endorsed "J. C., Shff.," does not of itself impart notice to the endorsee that the money was payable to J. C. in his official capacity as sheriff, or as trustee for other parties.

*Appeal from St. Louis Circuit Court.*

*Sharp & Broadhead,* for appellant.

I. The sheriff in a partition sale is trustee of the fund. He held the note taken for the purchase money of the land subject to the order of the court; he has no other authority to collect the money and pay it over under the order of the court; he could not sell the note.

II. The plaintiff took the note with the knowledge of the fact that the sheriff held it in the capacity of trustee; he became a party to the illegal act of the sheriff and acquired no title to the note.

The sheriff is merely trustee and not the owner of the note; and that he held such note subject to such order as the court may make in the suit in partition, is fully settled by the statutes and the decisions of this court—R. C. 1855, p. 1116, §§ 35, 37; Renshaw v. Wills, 38 Mo. 201; Ramsey v. Brooks, 20 Mo. 106.

*Dryden & Lindley*, for respondent.

The word "Shff." following the name of the payee in and on the note is merely descriptive of the person of the payee, and in nowise affected the plaintiff with notice of any trust. There is no expression of any trust, nor any statement of the consideration for which given—Freeman et al. v. Camden et al., 7 Mo. 298 ; Bryant v. Durkee, 9 Mo. 169 ; Jeffries v. McLean's Ex'rs, 12 Mo. 538 ; Thornton v. Rankin, 19 Mo. 193 ; Trumbull v. Trent, 5 Martin (La.) N. S., 703 ; Fairfield v. Adams, 16 Pick. 381.

WAGNER, Judge, delivered the opinion of the court.

This was an action brought by the plaintiff against the defendant on a negotiable promissory note. The note was given by the defendant for the purchase of land sold in partition by the sheriff, and made payable two years after date to " James Castello, Shff.," and negotiable and endorsed by the payee before maturity. The endorsement on the back of the note had the designation " Shff." appended to Castello's name, but there was nothing to show that the plaintiff as endorsee had any other notice that the payee held it in a fiduciary capacity; or that in its sale he was committing a breach of trust. The defendant resisted the payment of the note and claimed an interest in the proceeds as one of the distributees for whose benefit the land was sold. In the Circuit Court, the defendant's counsel asked the court to declare the law to be that the note itself with the endorsement thereon was sufficient to impart notice to the plaintiff that the money was payable to the sheriff Castello in his official capacity as such, which declaration the court refused to give, and then found for the plaintiff.

The instrument sued on is simply a negotiable promissory note made payable to Castello, and the abbreviation " Shff." added to his name is merely descriptive. There is nothing in the body of the note or the endorsement to apprise any one that it belonged to any other person than the payee, or

that he held it in any capacity other than as his individual property. To have given the instruction prayed for by the defendant would have been going farther than any case that we are aware of has ever gone, and would have overturned principles of law long settled.

Judgment affirmed. The other judges concur.