MARGARET PAYNE, Respondent, v. FIRST NATIONAL BANK OF ST. CHARLES, MISSOURI, Appellant.

### St. Louis Court of Appeals, January 27, 1891.

1. **Practice, Appellate:** AGREED STATEMENT OF FACTS: INSTRUCTIONS. When a cause is submitted upon an agreed statement of facts, instructions have no office to perform. In such a case the only question for an appellate court is whether the judgment of the trial court was authorized by the agreed facts.

| 43 | 377 |
| 56 | 263 |
| 43 | 377 |
| 57 | 286 |
| 43 | 377 |
| 61 | 25 |
| 43 | 377 |
| 86 | 425 |
| 43 | 377 |
| 94 | 1305 |

2. **Negotiable Paper**: NOTICE OF BENEFICIAL INTEREST. When a note discloses upon its face that it is held by one as trustee for another, who is named, a transferee of the note, acquiring it from the trustee as security for the trustee's personal indebtedness, takes with notice of the beneficial interest, which is presumed to continue until the contrary is shown; the transferee, therefore, obtains no title as against the *cestui que trust*, unless an authority on the part of the trustee to make the transfer is shown.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*T. F. McDearmon*, for appellant.

(1) The note having been made payable to Robert H. Payne, trustee for Margaret Payne, it was payable to Robert H. Payne personally, the words "trustee for Margaret Payne" being simply *descriptio personæ*. *Bryant v. Durkee*, 9 Mo. 168; *Jeffries v. McLean*, 12 Mo. 538; *Thornton v. Rankin*, 19 Mo. 193; *Nickerson v. Gilliam*, 29 Mo. 456; *Powell v. Morrison*, 35 Mo. 244; *Fletcher v. Schaumberg*, 41 Mo. 501; *Powder Co. v. Sinsheimer*, 48 Mo. 411; *Agricultural Works v. Heisser's Adm'r*, 51 Mo. 128; *Ammerman v. Rittenhouse*, 64 Mo. 197; *Bank v. Bank*, 71 Mo. 195; *Lee v. Turner*, 89 Mo. 489; *Neuhoff v. O'Reilly*, 93 Mo. 164; *Turner v. Hoyle*, 95 Mo. 337; *Eyerman v. Bank*, 13 Mo. App. 291; *Mason v. Bank*, 16 Mo. App. 277; *Hypes v. Griffin*, 89 Ill. 134; *Powers v. Briggs*, 79 Ill. 493; *Rendel v. Harriman*, 73 Me. 497; *Hager v. Rice*, 4 Col. 90; *Pack v. White*, 78 Ky. 243; *Dayton v. Warren*, 43 N. J. 659; *Hardy v. Pitcher*, 57 Miss. 432; Edwards on Bills, p. 78; Story on Agency, sec. 155 and citations. Robert H. Payne being personally the payee and the holder of the note was *prima facie* the owner thereof, and a purchaser from him obtains a title which is based upon the face of the note, and which the courts will not permit to be disturbed by parol proof.

*Agricultural Works v. Heisser's Adm'r*, 51 Mo. 128; *Thornton v. Rankin*, 19 Mo. 193; *Jeffries v. McLean*, 12 Mo. 538; *Nickerson v. Gilliam*, 29 Mo. 456; *Nash v. Towne*, 5 Wall. 689; *Hypes v. Griffin*, 89 Ill. 134; *Powers v. Briggs*, 79 Ill. 493. If the true owner of a negotiable note, overdue, or a non negotiable note, clothes another with the usual evidence of ownership, or with full power of disposition, and third parties are led into dealing with such apparent owner, they will be protected in their dealing. *Neuhoff v. O'Reilly*, 93 Mo. 164; *Turner v. Hoyle*, 95 Mo. 337; *Lee v. Turner*, 89 Mo. 489; *Bank v. Bank*, 71 Mo. 195; *Edwards v. Thomas*, 66 Mo. 468; *Hamilton v. Marks*, 63 Mo. 178; *Goodman v. Simonds*, 20 How. (U. S.) 343.

*Taylor & Pollard*, for respondent.

BIGGS, J.—The plaintiff sued the defendant for the conversion of a promissory note, of which the following is a copy:

"$1200.          ST. CHARLES, Mo., July 13, 1885.

"One year after date we promise to pay to Robt. H. Payne, trustee for Margaret Payne, or order, $1,200, value received, with interest from date at the rate of eight per cent. per annum, negotiable and payable without discount or defalcation.

"[Signed.]          J. A. GODDARD, Principal.
"ALF. H. PAYNE, Security.
"A. STONEBRAKER, Security.
"EZRA OVERALL, Security."

On the back of this note were the following indorsements:

"July 12, 1886, received of John A. Goddard $96 as interest on this note.          M. PAYNE,
"By R. H. PAYNE."

"July 12, 1887, received of John H. Goddard $96 as interest on this note.          M. PAYNE,
"By R. H. PAYNE."

"Received of John H. Goddard $96 as interest on this note, July 12, 1888.                    M. PAYNE,
"By R. H. PAYNE.

"R. H. PAYNE,
"Trustee for Margaret Payne."

The case was tried by the court, a jury having been waived, upon the following agreed statement, which furnishes all the facts necessary to a clear understanding of the case:

"That this note was placed as collateral security by Robert H. Payne for his individual debt to this bank on or about the twenty-eighth day of March, 1889, to secure his individual debt of $6,000, evidenced by two notes, viz., one note of $1,200, and another note of $4,800; that, besides this note, the said Robert H. Payne put up other collaterals to said bank, the debt being his own debt, and at the time the bank advanced the money on the faith of this collateral. It is further admitted that the notes given by Robert H. Payne at the time to the defendant are due and remain unpaid, and that the note in suit was in the possession of the defendant at the time of the institution of this suit; that prior to the institution of this suit the plaintiff had made a demand on the bank for the note in suit, while it was in its possession; that, on the twenty-fifth day of November, 1889, the defendant received on the note in suit the sum of $1,200 and interest at the rate of eight per cent. from July 12, 1889. It is agreed that November 12, 1889, the defendant bank received $1,234.90, the total amount due on the note in controversy, and surrendered said note to John A. Goddard, the maker thereof; also that, as far as the bank is concerned, it had no notice of the plaintiff's (Mrs. Payne's) claim or ownership of the note in suit, except such as might be drawn from the instrument itself and the indorsement thereon. It is further agreed that the cashier of the bank, John E. Stonebraker, with whom the negotiation was had, and Robert H. Payne, who indorsed and assigned this note

to the bank, are both dead, and that the indorsements on the note were upon it when the bank received the same ; the last indorsement, viz., R. H. Payne, trustee, having been made at the time of the delivery of the note to the bank. The manner of assignment of the said note was by delivery and the taking of a receipt as deposited as collateral security for Robert H. Payne's individual note. Upon the foregoing agreement the case was submitted to the court, a trial by jury having been waived." The finding and judgment were for the plaintiff. The defendant has appealed.

It will not be necessary for us to notice the instructions given and refused. When a cause is submitted on an agreed statement of facts, instructions have no office to perform. In such a case the only question for an appellate court is, whether the judgment of the trial court was authorized by the agreed facts.

The defense rests on two proposition : *First.* That the agreed statement of facts fails to show that the plaintiff was the owner of the note at the time of its negotiation. *Second.* Conceding that the plaintiff was the beneficial owner of the note, and that its transfer by Payne to secure his individual debt was a breach of trust, yet the note itself and the indorsements thereon were not sufficient within themselves to bring to the defendant notice of want of authority by Payne to make such a disposition of the trust property.

It seems to us that the case of *Turner v. Hoyle,* 95 Mo. 337, is sufficient authority within itself to defeat the plaintiff's second defense, for the reason that the note, when transferred, was overdue, and it was not possible for Payne to transfer to the defendant any other or better title thereto than he himself had. But, fearing that we might be misunderstood, we desire to place our approval of the judgment on another and broader ground. In our opinion, the bank took the note with notice that it belonged to the plaintiff ; that, to sustain the transfer, it was incumbent on the defendant to show

that Payne, the trustee, had authority to pledge the note for his individual debt, and that this would have been required, even though the note had been transferred before its maturity.

There is a class of cases in this state which hold that a note, payable to a person as executor, guardian, agent or sheriff, is *prima facie* the payee's individual property ; that the words executor, guardian, etc., are merely *descriptio personæ*, and that such words are not sufficient within themselves to put a purchaser of such a note on inquiry as to the conditions or limitations ( if any ) of the payee's power to pledge or sell. *Bryant v. Durkee*, 9 Mo. 169 ; *Jeffries v. McLean*, 12 Mo. 538 ; *Nickerson v. Gilliam*, 29 Mo. 456 ; *Rittenhouse v. Ammerman*, 64 Mo. 197 ; *Thornton v. Rankin*, 19 Mo. 193 ; *Powell v. Morrison*, 35 Mo. 244 ; *Fletcher v. Schaumberg*, 41 Mo. 501. The doctrine of the foregoing cases has for its foundation the reason that, in the execution of such trusts, the law contemplates that it will be necessary to collect or sell the trust property. Upon this reason the *prima facie* right of such payee to make any kind of disposition of the note is predicated. But, in our opinion, these cases are not applicable when the negotiation of instruments or the sale of other property held by a trustee is involved and the instrument upon its face discloses the beneficial interest of another. In such a case the presumption is against the right to convert or vary the trust property.

It was said by this court in the case of *Mason v. Bank*, 16 Mo. App. 275, that " the powers of a trustee under a will are such as are conferred upon him by the will, and none other. He has not, *prima facie*, the power to sell personal property or to vary securities belonging to the trust estate. Whether or not he has such power, is a question the answer to which must be sought for in the terms of the will ; and whoever purchases of him ordinary personal property belonging to the trust estate, or negotiable paper with knowledge

that he holds it as trustee, must make this inquiry at his peril."

In the case of *Shaw v. Spencer*, 100 Mass. 382, the court said: "One holding stock as trustee has, *prima facie*, no right to pledge it to secure his own debt growing out of an independent transaction, and that whoever takes it as security for such a debt, without inquiry, does so at his peril." And elsewhere in the same opinion it is said: "Notice of the existence of a trust is by all the authorities held to impose the duty of inquiry as to its character and limitations. And whatever is sufficient to put a person of ordinary prudence upon inquiry is constructive notice of. everything, to which that inquiry might have led."

In the case of *Duncan v. Jaudon*, 15 Wall. 165, a trustee in possession of a certain trust stock pledged it to the plaintiffs to secure his individual debt. The court, in passing on the obligation resting on the plaintiffs to make inquiries as to the power of the trustee to make such a pledge, said: "The duty of making such inquiry was imposed on these parties, for it is out of the common course of business to take corporate stock held in trust as security for the trustee's own debt. The party taking such stock on pledge deals with it at his peril, for there is no presumption of a right to sell it, as there is in the case of an executor. In the former case the property is held for custody; in the latter for administration."

These authorities are sufficient to show that the powers of a trustee as to the disposition of trust property are quite the reverse of those of an executor, guardian or sheriff; hence the cases relied on by the defendant's counsel in no way aid him in bolstering up his client's title to the note. That the defendant had direct and actual knowledge that the note was trust property cannot be seriously controverted. The note itself not only stated that Payne held it in a fiduciary capacity, but the beneficiary was named. In

addition to this there were three credits of interest indorsed by Payne, and each time he declared that he received the interest for the plaintiff. Finally the note itself was transferred to the defendant by Payne, as the trustee of the plaintiff. It must be held that the defendant accepted the note with actual knowledge of the trust, and, in order to sustain its title, it devolved upon it to show that Payne had authority to pledge the note for his individual debt, or that he had become its actual owner.

The cases of *Lee v. Turner*, 89 Mo. 489, and *Neuhoff v. O'Reilly*, 93 Mo. 164, in no way help the defendant's case, because there is nothing to show that the plaintiff clothed Robert H. Payne with the apparent ownership of the note, by reason of which the defendant was induced to deal with him as the true owner. On the contrary the note itself, together with the indorsement, furnished the most convincing proof, that Payne was not the owner.

There is no merit in the contention, that the agreed statement of facts has no tendency to show that the plaintiff was the owner of the note at the time of its transfer. The suggestion is made that, for aught that appears in the statement, Payne may have become the owner of the note at the time of its negotiation. But the note and the indorsements show that the trust relation once existed, and the presumption is that such relation continued. It was necessary for the defendant to rebut this presumption by some countervailing proof which it failed to do.

Our conclusion is that the judgment is right, and it must be affirmed. All the judges concur.