JOHN H. SCUDDER, administrator,

*v.*

TRENTON SAVING FUND SOCIETY.

[Filed April 10th, 1899.]

A deposit in a savings bank made in the name of "W. P. S., Surrogate," can be drawn by the administrator of W. P. S.

---

This is a bill filed to collect a sum of money which represents the principal and interest upon certain deposits made by William P. Sherman, then surrogate of the county of Mercer.

*Mr. Barton B. Hutchinson,* for the complainant.

*Mr. John A. Montgomery,* for the defendant.

REED, V. C.

Mr. Sherman, in the year 1851, while he was surrogate of Mercer county, made certain deposits in the bank of the Trenton Saving

Fund Society, in the name of William P. Sherman, surrogate. The depositor died leaving a balance undrawn. The bank, on account of the official suffix to the depositor's name, have felt that it was unsafe to pay the amount upon the check of the personal representative of the depositor; hence this bill by the present administrator *de bonis non* of the deceased depositor.

The bill seeks to have the deposit entry reformed by canceling the official *addendum* to the name of the depositor, and to have a decree that the bank pay upon the check of the complainant. Nothing appears in the case save the mere facts thus stated. It does not appear that at the time of the several deposits there was any trust fund under the control of the surrogate. Nor does it appear that there is any statutory provision for an official fund to be held by the surrogate, either as surrogate or as an officer of the orphans court. It is impossible, then, to conceive who could be beneficially interested in the said fund apart from the depositor himself.

The appendage to the name of the depositor, I think, was intended as a personal method of marking this money as part of the income of his office, and so to segregate it from other money, or it may have been employed to indicate the position the depositor then held without any other significance. Whichever notion induced the conduct of the depositor, in my judgment the *addendum* was merely *descriptio personæ*. Such judicial sentiment as I have discovered is to the effect that such a suffix does not imply that the money that he deposited was held in trust. In the case of *Swartwout* v. *Mechanics Bank of New York, 5 Den. 554,* the plaintiff had made a deposit in the defendant's bank in the name of Samuel Swartwout, collector. His term as collector of customs expired, and he drew a check as late collector, which the bank refused to pay, upon the ground that it was an official deposit and belonged to the United States. But the court held that, in the absence of any statute requiring the collector to make a deposit of official funds in a bank, it was to be regarded as a mere personal deposit. The court said: "A county treasurer, sheriff, surrogate or such other officer opens an account with a bank with his addition, and keeps a separate

account in such capacity, most clearly he can collect such deposit in his own name, and the bank would not be permitted to show that the moneys belonged to the county." In *Powell* v. *Morrison, 35 Mo. 244,* it was held that the words "sheriff of St. Louis county" added to the name of a maker of a promissory note, was no notice to a holder to whom the payee had endorsed it that the note was drawn upon trust funds. So in *Eyerman* v. *Second National Bank of St. Louis, 13 Mo. App. 289; affirmed, 84 Mo. 408,* it was held that the words "county treasurer" added to the name of a depositor raise no presumption that it belongs to the county.

But if the *addendum* implied a trust, it would not defeat the right of the personal representative of the depositor to withdraw the deposit. The trust which inhered in the depositor, upon his death, passed to his personal representative, who would be bound to administer all the assets of the deceased as trustee of whatever kind, and to administer the trust with which those assets are charged. *1 Perry Trusts § 264.* In *Boone* v. *Citizens' Savings Bank of the City of New York, 84 N. Y. 83,* the facts were as follows: Susan Boone deposited in the bank $500, receiving a pass-book in which was the entry "The Citizens' Savings Bank in account with Susan Boone, in trust for Thomas Boone." The entry was so made at the request of the depositor. After her death the bank paid the amount to her administrator. An action was afterwards brought against the bank to recover the same amount, by the administrator of Christopher Boone, the *cestui que trust,* who had also died. The court of appeals held that the payment to the administrator of the depositor was valid. Judge Finch, in delivering the opinion of the court of appeals, said: "They [the bank] received the money as bailees, agreeing to pay to Susan Boone, trustee. What the trust was they neither knew nor were bound to know. That was a matter wholly between the trustee and *cestui que trust,* at least until the latter gave notice to the bank of a hostile claim. * * * We are of the opinion that upon the death of Susan, her rights as trustee devolved upon her administrator. * * * When therefore he appeared at the bank and produced his letters of administrator and the pass-book,

which, by the contract, was evidence of his right to withdraw the deposit and demand its payment, the bank had no alternative. It had no right to inquire into the character of the trust, and owed no duty to the beneficiary until the latter, by notice or forbidding payment or demanding it for himself, created, on the part of the bank, such a debt."

I am of the opinion, therefore, that the fund now in question is not to be regarded as a trust but as an individual deposit of Mr. Sherman. But if it should be presumed to be trust property, yet, until some beneficiary asserts a claim upon the bank, the administrator of the depositor stands in the place of the depositor and the bank is bound to pay him, as it would have been bound to pay the depositor himself, if living.

While I have expressed my views upon the question mooted, as the suit seems to be an amicable one, and my views may be of service, yet I regret that I can make no decree which will judicially settle the rights of the parties in this suit. My inability to do so springs from the absence of any feature in the complainant's claim sufficient to confer jurisdiction upon a court of equity. Under the views I have expressed the claim against the bank is one strictly legal. I am therefore constrained to dismiss the bill.