D. A. MAYER et al., Curator, Respondent, v. COLUMBIA
SAVINGS BANK, Appellant.

**Kansas City Court of Appeals, December 3, 1900.**

1. **Bills and Notes: CURATOR: NOTICE OF TRUST.** The mere addition of the word "curator" to the name of a payee and indorser does not carry notice that negotiable paper so indorsed is trust property.

2. ———: **GUARDIAN AND CURATOR: TRANSFER AFTER DUE: TITLE.** Where a curator transfers for a valuable consideration to an innocent taker a past due note of his ward, he conveys no better title than he owns and the ward may replevin the same.

3. ———: ———: **REPLEVIN: PRACTICE.** As a curator has a right to the possession of his ward's property, he may recover the same by replevin which is a mere possessory action; and the point that the suit should be brought in the ward's name comes too late for the first time in the appellate court.

Appeal from the Boone County Circuit Court.—*Hon. John
A. Hockaday,* Judge.

AFFIRMED.

*C B. Sebastian* for appellant.

(1) The demurrer should have been sustained. The plaintiffs were not shown to have any title to the note in controversy. If, as contended in the lower court, the title was in the wards, Charles and Stanley Palmer, then the suit should have been brought in their name. The action could not be maintained in the name of the curators. Judson v. Walker, 55 S. W. Rep. 1085; Larned v. Renshaw, 37 Mo. 459; Robinson v. Hood, 67 Mo. 660. (2) The evidence

shows that the note was given for money loaned out of the common fund belonging to the four wards and S. C. Palmer; that it was not inventoried or given in as the property of any of the wards, but was held by S. C. Palmer and disposed of by him as his individual property, nor was it mentioned in the final settlement of S. C. Palmer. (3) But it is earnestly insisted by appellant that the title to the note in controversy is not in either the curator, bondsmen or the wards, but in the appellant bank. There is no evidence to show that the bank had any notice that it was trust property, and the fact that the word "curator" appeared in the face of the note, is not sufficient to put the purchaser on inquiry as to the conditions and limitations of the payee's power to pledge or sell. The evidence shows that it came to the defendant bank in the usual course of business for value received and in good faith that they are the owners thereof. Payne v. Bank, 43 Mo. App. 377, and cases cited. (4) Respondents contended in the court below, and will doubtless contend here, that the note in controversy was assigned to the appellant bank after it was due, and that the bank took only the title that Palmer had. It is well settled that the negotiability of commercial paper does not cease with maturity, but may still be negotiated by indorsement, and the fact that it is past due when transferred is not sufficient to charge the purchaser with notice of the equities of third parties, for the reason that persons dealing in such securities can without difficulty inquire of the maker if any defense exists against them. But more than that, it is not practical to do. It would be impossible to discover all persons who might have equitable rights in the subject-matter of the assigned paper. A rule that would let latent equities prevail against the assignee, would destroy the commercial value of such paper. No assignment could ever be taken with safety. Gymnasium Co. v. Bank, 46 L. R. A. 753.

*W. H. Waller  T. S. Carter* and *Fry & Clay* for respondent.

(1) Appellant questions the right of plaintiff to maintain action and relies on Judson v. Walker, 55 S. W. Rep. 1085. We insist that the wards are parties. Under this state of facts, plaintiffs as curators can maintain this action. Right of possession alone is sufficient to maintain replevin. Johnson v. Bank, 116 Mo. 558; Clark v. Bank, 57 Mo. App. 277; Kech v. Fisher, 58 Mo. 532; Pace v. Pierce, 49 Mo. 393; Gro. Co. v. Shackelford, 56 Mo. App. 642; Am. Law of Guardianship (Woemer), p. 183. (2) The right of plaintiffs to maintain this action was not questioned in the trial court, either by demurrer, answer or objection to the introduction of testimony, nor was a motion in arrest filed. It can not be considered by this court. R. S. 1899, sec. 602; Robinson v. Hood, 67 Mo. 660; Brandon v. Carter, 119 Mo. 583. (3) A trustee, or curator, can not use trust funds or property in his hands for the payment of his individual debts. He can not use the same for his gain or profit. State ex rel. v. Branch, 134 Mo. 592; Galloway v. Gleason, 61 Mo. App. 21. (4) Under the Missouri decisions we insist that the word "curator" in the note and deed of trust and when the note was so indorsed to secure Palmer's individual note, in the absence of evidence that the proceeds were applied by Palmer to the wards' use, was sufficient notice to defendant, and it acquired no title. Thornton v. Rankin, 19 Mo. 193; Payne v. Bank, 43 Mo. App. 377, 382; Johnson v. Bank, 56 Mo. App. 257, 262; Patterson v. Booth, 103 Mo. 413; Galloway v. Gleason, 61 Mo. App. 21; Lindsey v. Bank, Vol. 3, No. 2, p. 54, Mo. App. Rep. (5) Defendant had this note assigned to it after maturity, and as collateral security, and therefore held it subject to all prior equities. The bank is not an innocent holder.

GILL, J.—This is a suit in replevin brought jointly by D. A. Mayer, curator of Charles Palmer, and E. S. Stewart, curator of Stanley Palmer, minors, to recover of the defendant bank a certain promissory note for $800, executed in the year 1887 by one Larkin, and payable three years after date with 8 per cent interest to S. C. Palmer curator. The facts, which are practically undisputed, may be stated as follows: In the year 1884, S. C. Palmer was appointed curator of four minor children—Robert, James, Charles and Stanley Palmer—and as such took charge of several thousand dollars in property and money belonging to his wards. The curator seems to have kept all the money so received, as well as that belonging to him on his own private account, on deposit in the bank to his individual credit, checking it out from time to time as needed or loaned. In 1887, the curator loaned $800 to Larkin and took therefor the note in question, secured by a deed of trust on real estate. The note was made payable to "S. C. Palmer, Curator." In 1892 and 1895, two of the minors becoming of age, S. C. Palmer made final settlement on their account and paid them respectively their portions of the estate.

In November, 1898, S. C. Palmer borrowed $2,000 from the defendant Columbia Savings Bank, and among other securities turned over to the bank the Larkin note, indorsing on the back thereof "S. C. Palmer, Curator." The Larkin note was then past due and the interest thereon had been paid from year to year. Subsequently, S. C. Palmer became financially embarrassed, and in March, 1899, was removed from the curatorship of Charles and Stanley Palmer and these plaintiffs were appointed in his stead. The retired curator being unable to account for the large amount of money which he owed his wards, his successors, these plaintiffs, demanded of the defendant bank the possession of

the Larkin note before mentioned, claiming the same as rightfully the property of their wards, and that the bank had no interest therein. The defendant bank, on the other hand, asserted title to the Larkin note, claiming that it came into their possession in the usual course of business in good faith for value and without any knowledge of the pretended claim of the plaintiffs or their said wards.

On this state of facts the court, trying the case without the aid of a jury, rendered judgment for plaintiffs for the recovery of the Larkin note or its value, fixed at $1,102, at the plaintiff's option. From this judgment defendant has appealed.

I. The real controversy here is between the defendant bank and the securities on the curator's bond of S. C. Palmer. For conceding the Larkin note to have been the property of the Palmer children, then unless it shall be recovered in this suit it will be added to the deficiency of said curator and his bondsmen must make it good.

As stated in plaintiff's brief, the question is. Did the deposit or transfer of the note in controversy, under the circumstances before mentioned, convey a good title thereto in the defendant—conceding, as it must be under the evidence, that the bank took the note in actual good faith and for value parted with at the time? There is no evidence whatever that the bank's officers had any knowledge that the note was trust property, unless notice be imputed from the fact that the instrument was made payable in terms to "S. C. Palmer," curator and when delivered to defendant was indorsed in blank on the back thereof "S. C. Palmer, curator."

Notwithstanding there is some confusion in the decisions, we think the overwhelming trend of authority favors the proposition that the mere addition of the words "curator" and the like to the name of the payee and indorser does not

carry notice that negotiable paper so indorsed is trust property and not that of the individual payee and indorser. Such words when so appearing are treated as mere *descripto personae.* 2 Morse B. & B. (3 Ed.), sec. 604; Thornton v. Rankin, 19 Mo. 193; Powell v. Morrison, 35 Mo. 244; Nickerson v. Gilliam, 29 Mo. 456; Fletcher v. Schaumburg, 41 Mo. 501; Eyerman v. Bank, 13 Mo. App. 289; s. c., 84, Mo. 408.

The difficulty, however, of sustaining defendant's claim to the note in controversy, comes from the admitted fact that when said S. C. Palmer, curator, assigned the instrument to defendant, it was then past due. This being so, we must then hold, as decided by our Supreme Court, that defendant took no better title than was held by said S. C. Palmer its assignor. Turner v. Hoyle, 95 Mo. 337. Substituting the name of the wrongdoing trustee of the case in hand in place of the one mentioned in the foregoing decision and the court there would say:

"The defendant in this case, having received the note in controversy long after it became due, acquired, by virtue of its indorsement and delivery to it for value by Palmer, no higher or greater title than Palmer had; it stands in the shoes of its indorser. The beneficiaries of the trust are the real owners of the note. Palmer had no such title as could be set up by him against them, or the plaintiffs in this case in whom is vested the legal title to said trust for them, in an action for its recovery, and defendant by the transfer to it acquired no such title as could defeat plaintiffs' action," etc.

We have examined the case of Young Men's Christian Ass'n v. Bank, 179 Ill. 599, cited by defendant's counsel, as well as the authorities there cited, and while a different rule is there announced, we yet feel bound to follow the decision of our own Supreme Court.

The further objection that plaintiffs as curators had no right to maintain this action is not well taken. As curators they had the legal right to the custody of the note if it belonged to their wards; and since replevin is a mere possessory action, it is clear that the suit was correctly brought by the curators and in their names. Again, it seems that this objection was not made in the court below, either by demurrer or answer, and it must therefore be deemed as waived. Sec. 602, R. S. 1899.

The judgment of the circuit court must be affirmed. All concur.