Thornton *v.* Rankin.

---

· THORNTON, Respondent, *vs.* RANKIN, Appellant.

1. A note was payable to the order of "I. J. C., guardian," &c. *Held,* an endorsement by I. J. C. passed the title to a party who received for value and in good faith: the words "guardian," &c., being mere words of description.

*Appeal from St. Louis Court of Common Pleas.*

George Engelmann, on the 1st of December, 1851, became the purchaser of certain real estate belonging to Priscilla and Jacob Cooper, minors, at a sale by Isaac J. Cooper, their guardian, made by order of the Probate Court. For the deferred payments, he executed his negotiable notes payable to the order of "Isaac J. Cooper, guardian," &c. Before these notes became due, they were by Isaac J. Cooper endorsed and delivered to John Thornton for a valuable consideration. Thornton had no notice of the facts connected with the making of the notes, or of the trust wherewith Isaac J. Cooper was clothed in respect thereof, other than was to be gathered from their face. Afterwards, [Isaac J. Cooper was removed from the office of guardian, and John H. Rankin was appointed to succeed him. Engelmann being forbidden by Rankin to pay the notes to Thornton, filed this petition in the nature of a bill of interpleader. Upon facts found as above stated, the court below ordered the money to be paid to Thornton, and Rankin appealed to this court.

*T. T. Gantt,* for appellant.

*T. Polk,* for respondent.

RYLAND, Judge, delivered the opinion of the court.

1. The main question in this case involves the power of the payee, Isaac J. Cooper, to whom the notes were executed, to assign the same.

The appellant, Rankin, contends that the notes given to Isaac J. Cooper, guardian of Jacob Cooper and Priscilla Cooper, were not the property of said Isaac J. Cooper, in such manner as to authorize him to assign or transfer them.

In the opinion of this court, the notes were the property of said Isaac J. Cooper. He had the legal right to them, and therefore he could sell or assign or transfer them, and his assignee, for value, without notice, would hold them, and have a right to

the money arising thereon. The assignee, Thornton, then, in this case, has the legal right to the notes in question and to the money arising thereon.

There is no question as to the manner in which Thornton obtained the notes ; he paid value for them. The payee, Isaac J. Cooper, transfers to him notes before they become due, and the only way in which Rankin wishes to implicate Thornton, and to affect him with notice, arises from the words "guardian," &c., which follow Cooper's name on the face of the notes. We do not consider that these words import any impediment to the right which the payee in them had to sell or transfer them ; but that, notwithstanding these words, the full title to the notes and the money they call for was vested in said Isaac J. Cooper.

In the case of *Trumbull and others* v. *Freret*, a note was given thus : "Good for one thousand six hundred and forty-three Spanish milled dollars, payable on the first day of January next, to the order of Mr. Charles Norwood, executor of Messrs. Trumbull & Joyce, for balance due to the estate. New Orleans, 1st January, 1802. Signed, Jas. Freret." The Supreme Court of Louisiana held that the words, "as executor," in this note, can be considered in no other light than as words of description ; that the legal title to receive the money vested in Norwood, and the heirs cannot pass it by, and commence an action in their own name. 5 Martin's Rep. New Series, 703.

This court has held the same doctrine as to words of description. These notes, then, on their face, were the property legally of the said Isaac J. Cooper, and he was entitled to receive the money they called for, and being the owner and payee, he had the right and authority to assign the same, and his assignee to have and receive the money due thereon.

In the case of *Jeffries* v. *McLean and others*, 12 Mo. Rep. 538, the bond sued upon was as follows :

" For value received, we, or either of us, promise to pay A. Ransom, guardian of J. G. Roberts, the just sum of three hundred and forty-nine dollars and fifty cents, without defalca-

tion or discount, together with ten per cent. interest per annum thereon, from this date until paid. Given under our hands and seals, at Union, this 29th day of March, 1839.

" Signed,                    " JOHN L. HAMILTON,   (seal.)
                              " THOMAS BUCKNER,     (seal.)
                              " C. S. JEFFRIES."    (seal.)

This court held that this bond is evidence of a debt due by the obligors, Hamilton, Buckner and Jeffries to A. Ransom, and his executor can maintain the action thereon. The words, " A. Ransom, guardian of J. G. Roberts," are but *descriptio personæ*.

There is no charge here that Thornton and Cooper fraudulently, and with design to cheat the wards, Priscilla and Jacob, traded concerning these notes ; no knowledge on the part of Thornton of any interest in these notes in any third person, other than what the face of the notes expresses.

In view of all the facts then contained in the record, this court is of the opinion, that the judgment below should be affirmed ; and, with the concurrence of the other judges, it is affirmed.