CASE 18.—ACTION BY GEORGE S. FLEMING AND OTHERS AGAINST THOMAS HILL.—February 20.

## Hill v. Fleming, &c.

Appeal from Kenton Circuit Court. ,

W. McD. Shaw, Circuit Judge.

Judgment for plaintiffs, defendant appeals—Affirmed.

1. Taxation—Collection—Duties of Sheriff—Deputy Sheriff.—A deputy sheriff, collecting taxes, is charged with the duty of delivering the same to the proper authorities, and is not a mere debtor to the State and county, but sustains the relation of trustee to them.

2. Trusts—Following Trust Property.—As between the cestui que trust and the trustee, and all persons claiming under the trustee otherwise than by purchase for a valuable consideration without notice, all property belonging to the trust, however much it may be changed in its character, and all the fruits of such property, whether in its original or altered state, continues to be the subject of the trust.

3. Same—Purchases in Good Faith—Notice.—Where a creditor

of a deputy sheriff received in payment of the debt a check signed by the debtor, followed by the words "Deputy Sheriff,' the creditor received notice that the funds on which the check was drawn were deposited to the debtor's credit. as deputy sheriff, and was required to make inquiry as to whether or not the funds transferred by the ·check belonged to the debtor individually, or to the State and county, and on his failure so to do'he received the amount of the check impressed with a trust in favor of the State and county.

4. Subrogation—Sureties—Payment or Obligation by Surety—Effect.—The sureties. of a deputy sheriff, who paid the amount of his defalcation resulting from his failure ·to account to the State and county for taxes collected by him, ·are subrogated to the rights of the sheriff, or the State and county, ·and are entitled to pursue a fund impressed with a trust in favor of the State and county.

S. D. ROUSE and ROBERT 'C. SIMMONS for appellant.

POINTS AND AUTHORITIES CITED.

1. The amount held by Northcutt on deposit, collected from taxes, constituted merely a debt,.and the State and county had no such specific property therein as entitled them to pursue and claim same in the hands of others. (Swartwout v. Mechanics Bank, et al., 5 Denio, 555; Perley v. County of Muskegan, 32 Mich., 132; Steinbach v. State, 38 Ind., 483.)

2. The words "I. B. Northcutt, Deputy Sheriff" on the check of Hill imparted no notice that the account drawn on ·belonged to the State or county or other public creditors of Northcutt. (Everymann v. Second Nat'l Bank of St. Louis, 84 Mo., 408; Powell v. Morrison, 35 Mo., 244; Thornton v. Rankin, 19 Mo., 193; Ranshaw v. Wills, 38 Mo., 201; Ranney v. Brooks, 20 Mo., 105; Bank v. Insurance Co., 104 U. S., 54.)

3. Appellant's equity equal to that of appellees.

W. L. SHINE and LESLIE T. APPELGATE for appellees.

AUTHORITIES ·CITED.

Fahnestock & Co. v. Bailey & Varnon 3 Met., 48; F. & T. Bank of Shelbyville v. F. & D. Co., 22 Ky. Law Rep., 22; Allen v. Russell, &c., 78 Ky., 105; Central National Bank of Baltimore v. C. M. L. Ins. Co., 104 U. S., 54 (26 L. R. A., 693); Dliver v. Pratt, 3 Howard; Bradford v. Howe, 11 Ky. Law Rep., 10; Drovers Ins. Co. v. G. Ins. Co., 598.

Hill v. Fleming, &c.

OPINION OF THE COURT BY WM. ROGERS CLAY, Commissioner—Affirming.

On May 19, 1903, appellant, Thomas Hill, loaned to I. B. Northcutt, deputy sheriff of Kenton county, the sum of $500. On said date Northcutt had an account with the Bank of Independence in his own name, which account represented all the funds which he deposited in said bank; part of same being his individual funds, anl part being money collected by him on account of taxes or executions in his official capacity. By far the greater portion of the deposit, however, consisted of taxes due the county and the State of Kentucky. On June 1, 1903, Northcutt had to his credit in the bank above mentioned the sum of $137.56, and continued to carry this account with the bank until October 30, 1903, making deposits to and drawing checks thereon. On October 30, 1903, he had to his credit on his individual account the sum of $6,037.84. On the same date he opened an account in the name of "I. B. Northcutt, Deputy Sheriff," and checked to that account $5,979.26, depositing the same on account of "I. B. Northcutt, Deputy Sheriff." On October 30, 1903, he drew a check to E. P. Bland for $12.35 on the account and in the name of I. B. Northcutt, and on October 31st a check to M. D. McInerney for $46.23, thus exhausting and closing the account of I. B. Northcutt. The account of "I. B. Northcutt, Deputy Sheriff," was carried from the 30th day of October to December 1st following, on which date there was in said account $1,568.73. On December 1st he gave appellant, Hill, a check for $500 in payment of the loan from Hill, and signed it "I. B. Northcutt, Deputy Sheriff." On the same day

he drew a check payable to himself for $1,068.73, signed it "I. B. Northcutt, Deputy Sheriff," and collected the money on same. On the same day he committed suicide.

Appellant had no knowledge that Northcutt was short in his accounts. Northcutt kept but one account at the bank which was that of "I. B. Northcutt, Deputy Sheriff," from October 30, 1903, to the day of his death. At the time of his death he was insolvent. Appellant owns 45 acres of land, not exceeding in value $1,000, on which he lives with his family. Upon this land there is a mortgage to a man named Vest, which was executed by appellant to secure the loan, the proceeds of which were turned over to Northcutt. At the time Northcutt, as deputy sheriff, gave appellant the check for $500, he had collected of the taxpayers of Kenton county taxes for which he had not accounted to the sheriff of said county, or to the State or county, in excess of the amount he had in the bank to his credit as deputy sheriff. Indeed, he was short in his account in the sum of $2,500. Appellees George S. Flemming and others were securities on the bond of Northcutt, deputy sheriff, which was executed to McInerney, sheriff of the county. Appellees paid to McInerney, as sheriff, a sum much larger than the amount of the check given by Northcutt, as deputy sheriff, to appellant, Hill. The payment so made by appellees to McInerney for Northcutt was for money the latter had collected as deputy sheriff. Northcutt's only income was a salary of $100 per month as deputy sheriff. Appellant, Hill, placed the proceeds of the check of $500 to his credit in the Bank of Independence. This suit was brought by appellees, sureties of Northcutt, to enjoin the Bank of Independence from permitting appellant to

withdraw or use, and to enjoin the latter from withdrawing or using, the money so deposited to appellant's credit. From a judgment below in favor of appellees, this appeal is prosecuted.

For appellant it is insisted that the taxes on deposit to the credit of Northcutt as deputy sheriff constituted merely a debt, and the State and county had no such specific property therein a entitled them to pursue and claim same in the hands of others. In support of this contention, which is argued with great ability, counsel for appellant cite us to the cases of Perley v. County of Muskegon, 32 Mich. 132, 20 Am. Rep. 637, and Steinbach v. State, 38 Ind. 483. In the former case it was held that deposits by a collecting officer or custodian, not being special deposits, but general ones, are not the property of the county, but that the depositing official is a debtor to the amount of the deposit; that such funds cannot be taken possession of by his successor, but are to be delivered over by the official himself, if alive, and, if dead, by his personal representative. In the course of the opinion the court said: "It is only on the theory that the treasurer or officer is a debtor at all events, and that the title vests in him personally, that his representatives can have anything to do with the funds. Accordingly his liability is absolute, and not affected by unavoidable loss or accident, which, in case of bailments, could not fail to release him without injustice." In the case of Steinbach v. State, supra, a township trustee kept bank deposits in which he mixed his own and the township funds, and overdrew his account and paid township debts with the overdraft, for which he gave his official duebill. It was held that the deposit account was a private matter, in which neither the township nor the sureties on

his bond had any concern, and on which they were not liable for what was drawn. The court said that, if public money was used and loaned by a county treasurer, it could never be determined in advance how far the county would be injured, or whether it would be injured at all. If an action were brought to recover money appropriated, it would not be based on the source or identity of the particular funds which had been used, but would depend more on the state of the accounts than upon the identity of the money. The wrong in such a case was much in the nature of a voluntary transfer of property in fraud of creditors, whereby they were delayed or hindered, and of which the county must complain, if actually defrauded.

The principles announced above are not the law in this State. This court, in the case of Commonwealth v. Fisher, 113 Ky. 491, 24 Ky. Law Rep. 300, 68 S. W. 855, held that a sheriff, who was charged with the duty of collecting and receiving public moneys due the county and State, and who failed to pay over a sum amounting to about $8,000, but converted the same to his own use, was guilty of embezzlement. The indictment and prosecution were based upon the idea that the sheriff collected money belonging to the county under a trust or a duty to deliver the same, and that in violation of such trust or duty he appropriated it to his own use. Ky. St. 1903, section 1205. Certainly, if the sheriff was only debtor to the State and county, and bore no other relation, he could not be guilty of embezzlement. It is only upon the theory that the taxes collected are the property of the State and county, and that he bore the relation of trustee, that he could be charged and justly punished for the crime of embezzlement. The same rule would apply

to a deputy sheriff. The taxes collected by him are as much the property of the State and county as those collected by the sheriff. They are both public officers charged with the duty of collecting taxes and delivering them to the proper authorities. They are not mere debtors to the State and county, but sustain the relation of trustees. If the money deposited by Northcutt was impressed with a trust in favor of the sheriff, or the State and county, it then follows that it was subject to the rules of law governing trust estates. The law is now well settled that as between the cestui que trust and trustee, and all parties claiming under the trustee otherwise than by purchase for a valuable consideration without notice, all property belonging to a trust, however, much it may be changed or altered in its nature or character, and all the fruit of such property, whether in its original or altered state, continues to be subject to or affected by the trust. 28 Am. & Eng. Encyc. of Law, p. 1108; Central National Bank v. Connecticut Mutual Life Insurance Co., 104 U. S. 54, 26 L. Ed. 693; Cavin v. Gleason, 105 N. Y. 256, 11 N. E. 504; Allen v. Russell, 78 Ky. 105; Williams' Adm'r v. McClanahan, 3 Metc. 420.

This being the law, the only remaining question to be determined is whether or not the appellant here, by receiving the check signed "I. B. Northcutt, Deputy Sheriff," had notice of the trust, or was thereby put upon inquiry. A number of reputable authorities take the position that the words "trustee," "agent," "collector," or guardian," when accompanying the signature of a party, are to be considered as mere descriptio personae, and are insufficient to give notice of a trust relation. Eyermann v. Second National Bank of St. Louis, 84 Mo. 408; Powell v. Morrison, 35 Mo. 244; Thornton v. Rankin, 19 Mo. 193, 59 Am.

Dec. 338. Other cases hold that such words alone are not sufficient to give notice that a breach of trust is about to be committed, and that it is necessary for the purchaser to inquire whether the circumstances of the case constitute reasonable ground to conclude that a fraud is contemplated. 28 Am. & Eng. Encyc. of Law, p. 1129; Raphael v. McFarlane, 18 Can. Sup. St. 183. This latter view has been adopted by this court. In the case of Prather v. Weissiger, 10 Bush, 117, this court held that a promissory note made payable to one as "trustee," and indorsed in blank by him as "trustee," bore upon its face such evidence of a trust as was sufficient to put one of ordinary prudence on inquiry, and to raise a presumption of constructive notice of the trust such as would impose the duty of inquiry as to its character and limitations. In the case at bar the check itself gave appellant notice of Northcutt's official position. It further notified him that the funds upon which the check was drawn were deposited to his credit as deputy sheriff. We therefore think it was his duty to make inquiry for the purpose of ascertaining whether or not the funds transferred by the check belonged to Northcutt individually, or to the State and county. Failing to do this he received the amount of the check impressed with the trust in favor of the State and county.

Appellees, having paid the amount of Northcutt's defalcation, were subrogated to the rights of the sheriff, or the State and county, and are therefore entitled to pursue and reclaim the trust fund.

For the reasons given, the judgment is affirmed.