### Rowe, et al. v. Ratliffe, et al.

(Decided November 23, 1923.)

### Appeal from Pike Circuit Court.

1. Reformation of Instruments—Allegation as to Mutual Mistake in
Deed Held Sufficient.—Allegations that grantors directed clerk to
to draw deed so as to convey land to grantee for life with remainder
to her children, and that grantee "agreed to said provisions being
written in the deed," and that they were omitted by mistake of the
draftsman, sufficiently showed mutual mistake, though the word
"mutual" was not used.

2. Reformation of Instruments—Evidence Held to Show Mutual Mis-
take in Deed.—In an action by grantors to have absolute deed re-
formed so as to make it convey only a life estate with remainder
to grantee's children, evidence held to show mutual mistake.

O. A. STUMP for appellants.

J. M. BOWLING for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

For the stated consideration of one dollar and other valuable considerations, appellees, W. M. Ratliffe and wife, conveyed a tract of land, apparently in fee simple, to appellant, Stella Rowe, who is their daughter. About two years later, Mrs. Rowe and her husband sold and conveyed the land to T. C. Owens. Thereupon Ratliffe and wife instituted this action to reform the deed to their daughter so as to make it convey to her only a life estate with remainder to her children, because of alleged mistake of the draftsman in its preparation, and, charging Owens with knowledge of the mistake, they asked that under his purchase and deed he take only an estate for the life of Stella Rowe. The chancellor so adjudged, and the Rowes and Owens have appealed.

Mr. and Mrs. Ratliffe, and the deputy clerk who wrote the deed at their direction, testified that they directed him to so prepare it that it would convey to Mrs. Rowe a life estate with remainder to her children; that Owens was present and heard the directions, and that all parties understood it was to be drawn in that way and believed it had been, evidently because of a reference in the habendum clause to Mrs. Rowe "and her bodily heirs."

Neither Mrs. Rowe nor Owens testified, and there is no contradiction whatever of plaintiffs' evidence. The only witness introduced by the defendants was Taylor Rowe, husband of Stella, who testified simply that he and his wife would not have accepted the deed if it had contained any limitations or restrictions upon their power to sell the land; that after the deed had been delivered to his wife, he took it to Mr. Ratliffe, who assured him it was an absolute deed. This Mr. Ratliffe denied.

So it was clearly proven without contradiction that with Owens' knowledge, the deed was not prepared by the draftsman as he was directed to draw it, and that it did not mean what he thought it did and what the grantors intended it should. But it is insisted there is neither allegation nor proof that the mistake was mutual, as of course it must have been to warrant reformation.

It, however, is true only that the word "mutual" is not employed in the pleadings or proof, but facts are alleged and proven which show that the mistake was mutual.

The petition as amended alleges that the grantors directed the clerk to draw the deed so as to convey the

land to Stella Rowe for life with remainder to her children; that she "agreed to said provisions being written in the said deed," and that they were omitted by mistake of the draftsman. These allegations were proven without denial, and we regard both the pleadings and evidence sufficient to support the judgment.

It is therefore affirmed.