**W. G. Wood et al., Appellants, v. W. J. Kelley et al., Appellees.**

**Gen. No. 8,945.**

Opinion

filed July 6, 1935.

DYER & DYER, of Hoopeston, ROBERT F. GOODYEAR and W. S. KAY, both of Watseka, for appellants.

MORRIS & SOUTH and JNO. P. PALLISSARD, all of Watseka, for appellees.

MR. JUSTICE HUFFMAN delivered the opinion of the court.

Appellants filed their bill of complaint in chancery against appellees praying for an accounting and other equitable relief. Appellees filed their motion to dismiss the bill of complaint, which motion was granted and the plaintiffs below prosecute this appeal from the order of the court dismissing their bill.

In the city of Watseka, Illinois, was a banking institution known as the First National Bank of Watseka. One H. T. Riddell was president of this institution for

the last 10 years of its business existence. It suspended business on June 21, 1931. This bank was possessed of 11 promissory notes, aggregating the total sum of $13,200, all executed by George F. Gregory. Riddell solicited certain of appellants who had money deposited in the bank to purchase divers of said notes, recommending them to be a desirable investment which would be promptly paid when due. The notes were sold by said bank to various purchasers, some of whom in this case are appellants and some of whom are appellees.

Mr. George F. Gregory, the maker of said notes, died intestate in September, 1927. Administration was had upon his estate in the county court of Iroquois county. The said Riddell filed a claim against the estate for the total amount of the principal and interest due upon all 11 of these notes, which claim aggregated the sum of $14,334.88. To the claim he attached copies of each of said notes. This claim was allowed, and on February 18, 1930, the administrator of the estate paid to the said Riddell thereon the sum of $11,849.95. Riddell deposited this money in his bank under an account headed, "H. T. Riddell, Trustee, Gregory." The amount collected by Riddell was equal to about 82 per cent of the total amount of the claim.

Appellants had no notice or knowledge that Riddell had collected this money from said estate upon the notes held by them. Some of the noteholders, however, did learn of this action of Riddell. They went to him about the matter, and he paid them from said deposit in said bank, the full amount due them upon their respective notes. These parties are appellees in this case. The said Riddell thus paid out all of the fund except $257.52, which remained on deposit at the time the bank closed. It was the purpose of the bill in this suit to compel the bank and the noteholders who had received full payment of their notes, to come in and

give an accounting of how much they had received, and that the appellants be permitted to share therein in the proportion that the total amount collected by Riddell bore to the total amount due upon the 11 notes as evidenced by the claim filed. The defendants to said bill filed their motion as aforesaid, to dismiss same for want of equity, which motion the court granted. The appellants elected to stand by their bill and the case is now before this court upon the pleadings. The motion to dismiss the bill was in the nature of a demurrer, and therefore admits of the facts set out therein.

A trust may arise by operation of law, where fraud enters in and where the transactions have been carried on *mala fide*. Such trusts are frequently termed as trusts *ex maleficio*. Equity has always recognized the fact that one may by a fraudulent act constitute himself a trustee, and in such cases equity will compel such trustee to act with fidelity.

Where a person intermeddles with property of another, by taking possession thereof without authority, he will be held to account to the rightful owners as trustee therefor. Neither Riddell nor the bank had any right, title, or interest in the notes which they had negotiated and for which Riddell filed claim and collected money thereon from the administrator. A person who wrongfully or fraudulently obtains title or possession to property in which he has no right cannot equitably retain such property. Equity will impress a trust upon the same in favor of the true owners and will compel the possessor thereof to properly account therefor. Riddell could not have secured the allowance of the claim filed by him, had the county court known the true facts. Neither could he have obtained the money from the administrator.

These claims were allowed upon each of the notes separately. The personal property being insufficient to pay more than 82 per cent of the total thereof ren-

dered them subject to being pro rated. The rights of no innocent third parties have intervened herein. Riddell did not pay the money to appellees to satisfy any private debt of his own. They knew and understood that the money they were receiving was a part of the funds he had collected as herein set out. Knowing these facts, they were chargeable with knowledge that the law impressed a trust upon such funds in the hands of Riddell, for the benefit of all persons entitled to share in the trust.

One who acquires property from a trustee, with actual or constructive notice that it is trust property, will be held to properly account therefor to others who are entitled to share in the benefits of the trust, and persons so receiving such property cannot do so to the injury of the other *cestuis que trustent*. Persons entitled to share in a trust fund must share therein as their equitable rights appear.

A receiver of a national bank is a mere trustee for creditors, and he takes the assets subject to all claims and defenses that might have been interposed against the insolvent corporation. *Scott v. Armstrong,* 146 U. S. 499, 36 L. Ed. 1059; *Williams v. Green,* 23 F. (2d) 796; *Hatch v. Johnson Loan & Trust Co.,* 79 Fed. 828; *Cutler v. Fry,* 240 Fed. 238.

We are of the opinion that the bill stated sufficient facts upon its face to require an answer, and that the order of the circuit court dismissing the bill upon motion of defendants was erroneous. The order and judgment of the trial court are hereby reversed and this cause is remanded with directions that the motion of defendants to dismiss the bill of complaint be denied, and for such further proceedings as the parties may elect to take.

*Reversed and remanded with directions.*